ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AMANNY HENNIS, Case No.: 26-cv-2743

Plaintiff, COMPLAINT AND JURY DEMAND

-against-

THE CITY OF NEW YORK, POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTHEW P. BOTTCHER,

Defendants.
-------------------------------------------------------------------X

Plaintiff, AMANNY HENNIS, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION:

1. This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK, POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER POLICE OFFICER MATTHEW P. BOTTCHER, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, AMANNY HENNIS, alleges that on or about June 21, 2023, defendants committed wrongful and illegal acts against Plaintiff in violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff, AMANNY HENNIS, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER JONATHAN BAEZ, was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER JONATHAN BAEZ (Badge No.: 2411) was assigned to the 73rd precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, Defendant POLICE OFFICER MATTHEW P. BOTTCHER (Badge No.: 21926), was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER MATTHEW P. BOTTCHER was assigned to the 73rd precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, defendant POLICE OFFICER MATTHEW P. BOTTCHER, was acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTHEW P. BOTTCHER.

13. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive tendencies and other unlawful propensities of the officers involved in the violation of civil rights.

15. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

16. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

17. On or about June 21, 2023, Plaintiff was driving a 2009 Gray Nissan Maxima, New York State License Plate Number K2J4639 (“subject vehicle”), on East 98th Street and Winthrop Avenue in Brooklyn, New York at 9:15 p.m.

18. That the subject vehicle was owned by and registered to the plaintiff.

19. Upon information and belief, on June 21, 2023 at 9:15 p.m., Defendants POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTEW P. BOTTCHER were operating a marked patrol car in the vicinity of East 98th Street and Winthrop Avenue in Brooklyn, New York.

20. On June 21, 2023 at approximately 9:15 p.m., Defendants POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTEW P. BOTTCHER followed plaintiff and directed him to stop his vehicle.

21. On June 21, 2023 at approximately 9:15 p.m., Defendant POLICE OFFICER JONATHAN BAEZ requested that plaintiff furnish him with his drivers license and registration.

22. That Plaintiff AMMANY HENNIS complied with the request.

23. Another Police Officer asked Defendant POLICE OFFICER JONATHAN BAEZ if the plaintiff was driving with a suspended license, and POLICE OFFICER JONATHAN BAEZ responded in the negative.

24. POLICE OFFICER JONATHAN BAEZ then questioned the plaintiff about plaintiff's brother Anthony Iambi Hennis.

25. Defendant POLICE OFFICER JONATHAN BAEZ requested that plaintiff set out of the subject vehicle.

26. POLICE OFFICER JONATHAN BAEZ requested that he have permission to search the subject vehicle based on the plaintiff's movements when he pulled the subject vehicle over.

27. Plaintiff did not provide POLICE OFFICER JONATHAN BAEZ with his consent.

28. POLICE OFFICER JONATHAN BAEZ then placed the plaintiff under arrest.

29. That Defendant POLICE OFFICER JONATHAN BAEZ handcuffed the Plaintiff.

30. Upon information and belief, the Plaintiff was relocated to the 73rd Precinct.

31. While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER MATTHEW P. BOTTCHER wrote up paperwork stating that Plaintiff had, amongst other things, intentionally caused disruption on a public road, and acted in violent and threatening manner towards the police department, causing a crowd to gather.

32. Defendant POLICE OFFICER MATTHEW P. BOTTCHER further alleged that the plaintiff "refuse to cooperate w/ PD and call out to multiple onlookers to get involved detering apprehension."

33. Defendant POLICE OFFICER MATTHEW P. BOTTCHER wrote up a Criminal Court Summons returnable to Criminal Court located at One Centre Street, New York, New York.

34. The Criminal Court Summons charged plaintiff with disorderly conduct in violation of New York Penal Law 240.20(1).

35. Defendant POLICE OFFICER MATTHEW P. BOTTCHER wrote up a Criminal Court Summons knowing that the allegations were false.

36. The plaintiff was released from the 73rd Precinct at approximately 5:00 a.m. on June 22, 2023.

37. On July 10, 2023, the criminal proceeding was dismissed as legally insufficient and sealed.

38. As a direct and proximate result of the actions of THE CITY OF NEW YORK, POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTHEW P. BOTTCHER, Plaintiff was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately seven hours.

39. Defendants POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTHEW P. BOTTCHER acted with malice in arresting Plaintiff on false charges and causing the Plaintiff to be prosecuted on charges the Defendant knew was false.

40. Defendants POLICE OFFICER JONATHAN BAEZ and POLICE OFFICER MATTHEW P. BOTTCHER brought charges against Plaintiff and purposely misused their

Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize their unlawful, unconstitutional arrest of Plaintiff.

41. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other and psychological injuries.

42. As a direct and proximate result of defendant's actions, Plaintiff was arrested and detained for a time amounting to a period lasting approximately seven hours for criminal charges without just cause.

43. As a direct and proximate cause of defendants' actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

44. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

45. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with

deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

46. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION (Defendant JONATHAN BAEZ)

47. Plaintiff repeat and reallege the allegations contained in paragraphs 1 - 46 of this complaint as though fully set forth herein.

48. The actions of defendant POLICE OFFICER JONATHAN BAEZ, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff AMANNY HENNIS of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

49. By these actions, the individual defendant has deprived plaintiff AMANNY HENNIS of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

50. As a result of the foregoing, plaintiff ARMANY HENNIS was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION (Defendant MATTEW P. BOTTCHER)

51. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 - 50 of this complaint as though fully set forth herein.

52. The actions of defendant POLICE OFFICER MATTEW P. BOTTCHER, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff AMANNY HENNIS of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

53. By these actions, the individual defendant has deprived plaintiff POLICE OFFICER MATTEW P. BOTTCHER of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

54. As a result of the foregoing, plaintiff AMANNY HENNIS was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise

harmed, damaged and injured

THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 as if fully set forth herein.

56. At all times relevant hereto, the City of New York was a municipal corporation organized and existing under the laws of the State of New York.

57. The City, through the New York City Police Department, its agents, servants, and employees, was responsible for the training, supervision, and discipline of the individual defendants named herein.

58. The acts of the individual defendants, as described above, were carried out pursuant to the official policies, practices, and/or customs of the City of New York, which were the moving force behind the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

59. The City demonstrated deliberate indifference to the rights of citizens by failing to adequately train, supervise, and discipline its officers regarding unlawful arrests. The need for such training was obvious, and the lack thereof was likely to result in the constitutional violations suffered by Plaintiff.

60. The City had actual or constructive notice of these unconstitutional practices through prior civilian complaints, "Notice of Claim" filings, or previous lawsuits involving similar misconduct, yet failed to take remedial action.

61. Upon information and belief, POLICE OFFICER JONATHAN BAEZ has been the subject of 37 allegations and 13 complaints, 3 of which were substantiated.

62. Upon information and belief, POLICE OFFICER MATTHEW P. BOTTCHER been the subject of 17 allegations and 5 complaints, 3 of which were substantiated.

63. As a direct and proximate result of the City's policies, customs, and/or deliberate indifference, Plaintiff was deprived of his constitutional rights and suffered emotional distress, loss of liberty, and economic damages.

PLAINTIFF DEMANDS TRIAL BY JURY

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff AMANNY HENNIS requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
May 7, 2026

*<u>/s/ Alexander M. Dudelson</u>*
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100